IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                                                              )<br>                   Plaintiff,              )<br>                                                              )<br>          v.                                            )<br>                                                              )<br> ANTHONY M. VIDLAK,                )<br>                                                              )<br>                   Defendant.          )<br>                                                              ) | 8:04CR166<br><br>ORDER |

This matter is before the court on defendant's motion to dismiss the superseding indictment, Filing No. 40, because it includes "further factual findings." After the defendant filed the motion, Magistrate F.A. Gossett determined that he would leave disposition of the motion to this court. Filing No. 42.

An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution. *United States v. White,* 241 F.3d 1015, 1021 (8th Cir. 2001). Usage of a particular word or phrase in the indictment is not required as long as a court can recognize a valid offense and the form of the allegation "substantially states the element[s]." *United States v. Mallen*, 843 F.2d 1096, 1102 (8th Cir. 2001). An indictment will only be found insufficient if an "essential element 'of substance' is omitted." *Id.* (citation omitted).

Defendant filed this motion subsequent to *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), but prior to *United States v. Booker*, 543 U.S. 220 (2005). Part of defendant's argument relies on his contention

concerning the mandatory nature of the Federal Sentencing Guidelines. The Supreme Court in *Booker* determined that the guidelines are not mandatory but are in fact advisory. Consequently, the court will deny this motion as moot.

IT IS HEREBY ORDERED that defendant's motion to dismiss the superseding indictment or to strike the "Further Factual Findings" in the indictment, Filing No. 40, is denied as moot.

DATED this 3rd day of March, 2006.

BY THE COURT:

**s/ Joseph F. Bataillon**
United States District Judge